**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3458
_____

ANNA D. ARIAS,
            Appellant

v.

RODNEY EARL BRENNEMAN, M.D.;
LANCASTER ORTHOPEDIC ASSOCIATES, LTD
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(District Court No. 5-21-cv-01818)
District Judge:  Honorable John M. Gallagher
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) December 5, 2023
_____

Before:  SHWARTZ, CHUNG, and McKEE, <u>Circuit Judges</u>

(Filed: December 14, 2023)
_____

OPINION[*]
_____

CHUNG, <u>Circuit Judge</u>.

---

[*]     This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Anna Arias brought this medical-malpractice suit against the doctor who performed her knee surgery and the hospital where he performed it. Defendants moved for summary judgment, and the District Court granted their motion. Because the District Court properly granted summary judgment, we will affirm.

I.     BACKGROUND[1]

This case arises from a knee-replacement surgery that Dr. Rodney Brenneman, M.D., performed on Arias at Lancaster Orthopedic Associates, Ltd. ("Lancaster"). Two years after Arias's surgery, she sued Dr. Brenneman and Lancaster in the United States District Court for the Eastern District of Pennsylvania. She brought claims under Pennsylvania state law, claiming negligence and battery against Dr. Brenneman, and vicarious liability against Lancaster.

Arias did little work to develop her claims after that and, in failing to do so, Arias repeatedly ignored the District Court's orders. Four months after she filed her Complaint, the District Court asked Arias to show cause why the matter should not be dismissed for lack of prosecution following Arias's failure to request an entry of default, as instructed by the Court, due to Defendants' failure to timely respond to her Complaint. Five months later, the District Court instructed her to prosecute her claims more urgently. Four months after that, when the District Court asked for a status update, Defendants told the Court that Arias had not produced the discovery they requested. Another month later,

---

[1]     Because we write for the parties, we recite only facts pertinent to our decision.

after the District Court again directed Arias to show cause why it should not dismiss her claims for failure to prosecute, Arias's counsel told the Court that he "was in error" for not updating the Court about discovery delays, and asked the Court for more time. Dist. Ct. Dkt. 27, at 1, 3. The District Court allowed the matter to proceed and issued an amended scheduling order setting discovery deadlines, including dates for submitting expert reports and completing all other fact discovery. It does not appear that Arias did anything to meet the District Court's deadlines.

After the close of discovery, Defendants moved for summary judgment, or in the alternative, to dismiss Arias's claims for failure to prosecute. The District Court granted Defendants' motion for summary judgment based on Arias's failure to produce expert testimony or other evidence. It explained that Arias had not submitted an expert report, and that it was "unclear whether [she] ha[d] conducted any discovery that would be required to prosecute [her] action." Arias v. Brenneman, No. 5:21-CV-01818-JMG, 2022 WL 17156912, at *2 (E.D. Pa. Nov. 21, 2022). And it said that "[u]p until this point, [Arias] has produced no evidence to the court that would establish her" claims. Id. Because the District Court granted Defendants' motion for summary judgment, it did not address their alternative motion to dismiss for failure to prosecute.

The District Court also noted that to support her summary judgment opposition, Arias had submitted two affidavits—one from her counsel, and another from his paralegal—stating, in essence, that Arias was awaiting responses to various subpoenas and that she would "file a motion to enforce the subpoenas." App. 124. The District

3

Court interpreted the "affidavits as a motion to extend discovery." Arias, 2022 WL 17156912, at *3. The Court denied the motion, explaining that (1) the affidavits showed Arias did not subpoena the hospitals for records until almost a year after she filed her Complaint; (2) although Arias's counsel said he would move to enforce the subpoenas, he had not done so; and (3) the discovery phase had been closed for over two months.

Arias timely appealed.

II.    DISCUSSION[2]

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the nonmoving party has the burden of proof but has offered no evidence, then the moving party makes its required showing simply by "pointing out to the district court … that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Identifying the nonmoving party's absence of evidence is enough; the moving party need not also affirmatively "produce evidence showing the absence of a genuine issue of material fact." Id.

---

[2]    The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction to review the District Court's order granting summary judgment under 28 U.S.C. § 1291. We review the District Court's summary judgment decision under a plenary standard. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017).

4

Defendants made the required showing here. They pointed out that Arias offered no evidence to support her claims. In particular, they showed that Arias did not offer any expert testimony, as she must do to establish a medical-malpractice claim under Pennsylvania law. See Toogood v. Rogal, 824 A.2d 1140, 1145 (Pa. 2003) ("Because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury."). As a result, Defendants have made their required showing for summary judgment.

On appeal, Arias does not argue that she has offered any evidence to support her claims. Rather, she argues that Defendants must produce evidence countering her allegations. But as Celotex teaches, Defendants do not need to offer any evidence of their own where Arias has offered none.

Arias also argues that the District Court should have given her more time for discovery under Rule 56(d). We review the District Court's decision denying Arias's Rule 56(d) decision for abuse of discretion, see Murphy v. Millennium Radio Grp. LLC, 650 F.3d 295, 310 (3d Cir. 2011), and we see no abuse of discretion here. Rule 56(d) does not direct the court to extend discovery whenever the nonmoving party asks it to; rather, it provides only that the court "may" do so, if the nonmovant shows "specified reasons" that prevent it from presenting "facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The District Court's reasons for declining to extend discovery were sound:

5

Arias waited nearly a year to subpoena records she sought, made little effort to follow up on those subpoenas, and let the discovery period close without notifying the Court of her purported difficulties. Aside from those specific reasons, the District Court had also seen Arias create delays and ignore its discovery-related instructions for over nineteen months of litigation. In light of these circumstances, the Court did not abuse its discretion in denying her motion after concluding that Arias showed no valid reason to prolong the litigation further.

III.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's order.